**FILED**

SEP X 3 2009

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTFOLIO ADVISORS V, LLC,<br>a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>M/V SAN FRANCISCO SPIRIT, Official No.<br>971235, its Engines, Machinery,<br>Appurtenances, etc., *In Rem*, SIGNATURE<br>HOSPITALITY, LLC, a California Limited<br>Liability Company, GARRETT O'DOHERTY,<br>DANIELLE O'DOHERTY, PACIFIC<br>MARINE YACHT CHARTERS, LLC, a<br>California Limited Liability Company, *In<br>Personam*, and DOES 1-10.<br><br>Defendants. | Case No.: CV 09-2950 JL<br><br>**IN ADMIRALTY**<br><br>[PROPOSED] **ORDER<br>APPOINTING SUBSTITUTE<br>CUSTODIAN** |

Plaintiff PORTFOLIO ADVISORS V, LLC, by and through its counsel of record,

Cox, Wootton, Griffin, Hansen & Poulos, LLP, having appeared and made the following

recitals:

1.      On June 30, 2009, the Verified Complaint herein was filed seeking the arrest and

foreclosure sale of the Defendant vessel M/V SAN FRANCISCO SPIRIT (the "Vessel"),

Official No. 971235, its engines, machinery, appurtenances and etc., to satisfy Plaintiff's

claims.

2. On September 3, 2009, the Clerk of this Court issued a Warrant for Arrest commanding the U.S. Marshal for the Northern District of California to arrest and take into custody Defendant Vessel and to maintain it in his or her custody until further Order of this Court.

3. Defendant Vessel is currently located in the Northern Judicial District, and is moored in San Francisco, California.

4. It is contemplated that the U.S. Marshal will seize the vessel forthwith. The U.S. Marshal does not provide the services for the safekeeping of vessels he (or she) arrests.

5. National Maritime Services, Inc. has agreed to assume the responsibility for the safekeeping the Vessel, and has consented to act as its custodian until further Order of this Court, all for a sum, including storage and routine services required for safekeeping of the Vessel, at its customary rates.

6. National Maritime Services, Inc., by affidavit, avers that it has adequate personnel and supervision for the proper safekeeping of the Vessel and that it possesses policies of insurance for Commercial Marine Liability, underwritten by St. Paul Travelers and SeaBright Insurance Company, with an aggregate coverage limit of $5,000,000.00.

7. Furthermore, in accordance with the terms of this Order, National Maritime Services, as Substitute Custodian accepts possession of and responsibility for the Vessel.

8. In consideration of the U.S. Marshal's consent to this substitution of custody, Plaintiff agrees to release the United States and the U.S. Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, her engines, tackle, apparel, furniture, equipment, and all other necessaries pertaining and belonging to the Vessel, from the time the Marshal transfers possession of such vessel to National Maritime Services as Substitute Custodian, and Plaintiffs further agrees to hold harmless and indemnify the United States and the U.S. Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

**THEREFORE, IT IS HEREBY ORDERED** that the U.S. Marshal for the Northern District of California be, and is hereby, authorized and directed, upon his seizure

Case No. CV 09-2950 JL

ORDER APPOINTING SUBSTITUTE CUSTODIAN

1   of the Vessel pursuant to this Court's duly-issued Warrant for Arrest, to surrender the

2   custody and possession thereof to National Maritime Services as Substitute Custodian, and

3   that, upon such surrender, the U.S. Marshal shall be discharged from further duties and

4   responsibilities for the safekeeping of the Vessel and held harmless by Plaintiff from any

5   and all claims arising whatsoever out of the substitute possession, custody, and safekeeping.

6       **IT IS FURTHER ORDERED** that National Maritime Services be, and is hereby,

7   appointed the custodian of the Vessel to retain it in its custody for possession and

8   safekeeping, for the aforementioned compensation until further Order of this Court.

9       **IT IS FURTHER ORDERED** that all reasonable expenses for the safekeeping of

10  the Vessel shall be deemed administrative expenses of the U.S. Marshal and any and all

11  unearned sums paid to the U.S. Marshal by Plaintiff shall be reimbursed to Plaintiff.

12      **IT IS FURTHER ORDERED** that the Plaintiff's counsel of record will serve a

13  copy of this Order on the Vessel and all parties who may appear in this action.

14

15

16  Dated: September  3 , 2009

    _____
                            U.S. District Court Judge

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER APPOINTING SUBSTITUTE CUSTODIAN

Case No. CV 09-2950 JL