| | |
|---|---|
| 1  **COX, WOOTTON, GRIFFIN,** | |
|    **HANSEN & POULOS, LLP** | |
| 2  Rupert P. Hansen (SBN 082302) | **FILED** |
|    Max L. Kelley (SBN 205943) | |
| 3  190 The Embarcadero | SEP X 3 2009 |
|    San Francisco, CA 94105 | |
| 4  Telephone No.: 415-438-4600 | RICHARD W. WIEKING |
|    Facsimile No.: 415-438-4601 | CLERK, U.S. DISTRICT COURT |
| 5 | NORTHERN DISTRICT OF CALIFORNIA |
|    Attorneys for Plaintiff | |
| 6  PORTFOLIO ADVISORS V, LLC, | |
|    a Delaware Limited Liability Company | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PORTFOLIO ADVISORS V, LLC, a Delaware Limited Liability Company, | ) ) ) | Case No.: CV 09-2950 JL |
| | ) | **IN ADMIRALTY** |
| Plaintiff, | ) ) ) | **PLAINTIFF'S REQUEST FOR REVIEW OF ARREST OF** |
| v. | ) ) | **VESSEL** |
| | ) | **[F.R.C.P. SUPP. ADMIRALTY** |
| M/V SAN FRANCISCO SPIRIT, Official No. 971235, its Engines, Machinery, Appurtenances, etc., *In Rem*, SIGNATURE HOSPITALITY, LLC, a California Limited Liability Company, GARRETT O'DOHERTY, DANIELLE O'DOHERTY, PACIFIC MARINE YACHT CHARTERS, LLC, a California Limited Liability Company, *In Personam*, and DOES 1-10. | ) ) ) ) ) ) ) ) ) ) ) ) | **RULE C(3) AND ADMIR. L.R. 3-1]** |
| Defendants. | ) ) | |

Plaintiff PORTFOLIO ADVISORS V, LLC ("Portfolio") by and through their counsel of record, Cox Wootton, Griffin, Hansen & Poulos, LLP, hereby respectfully requests that the Court review its request for an Order directing the United States Marshal to arrest the Defendant vessel M/V SPIRIT OF SAN FRANCISCO (Official No. 971235) (the "Vessel"), pursuant to 46 U.S.C. § 31325, Supplemental Admiralty Rule C (3) of the Federal Rules of Civil Procedure and pursuant to Admir. L.R. 3-1.

-1-
PLAINTIFF'S REQUEST FOR REVIEW OF ARREST OF VESSEL

Case No. CV 09-2950 JL

1  I.  **The Warrant Of Arrest For The Defendant Vessel Should Be Issued Forthwith**

2  The Verified Complaint in this matter was filed on June 30, 2009. Since then, the parties to this action and third parties have been in negotiations to resolve this matter without further litigation. These parties have negotiated in earnest and in good faith, however, they have been unable to reach a final resolution. While the parties were negotiating, Plaintiff Portfolio had been willing to assume the risk that its collateral for its Preferred Ship Mortgages, the *in rem* defendant Vessel, could befall some mishap which could jeopardize or impact its prime position as secured preferred ship mortgage creditor. This could occur because certain classes of later-arising maritime liens are accorded priority over Preferred Ship Mortgages, such as Plaintiff Portfolio's. Examples of such classes of subsequent preferred liens arise from crew wages, and uninsured personal injury, collision, salvage, or pollution claims. *See, e.g.,* 46 U.S.C. §§ 953 (a), (b); 31301(5), 31326(b)(1); *U.S. v. Z.P.Chandon*, 889 F.2d 233, 238 (9th Cir. 1989). If, for example, the Vessel was unfortunate enough to suffer a collision, or be unable to pay its crew, such 'trumping' liens would arise involuntarily, unpredictably, as a matter of law, and without notice, and could pose a significant threat to the Plaintiff's priority status as holder of the First and Second Preferred Mortgagees on the Vessel.

With no resolution to this litigation in sight after two months' opportunity, Plaintiff respectfully requests the Court issue a Warrant for Arrest of the Vessel to protect the Plaintiff's priority position as the holder of the First and Second Preferred Ship Mortgages and thereby eliminate any prejudice that might arise as a result of allowing the Vessel to remain free of arrest and exposed to adverse maritime lien circumstances beyond Plaintiff's control. The service of the Warrant of Arrest will also initiate jurisdiction in this action over the Vessel defendant.

II.  **FACTUAL SUMMARY**

1.  Plaintiff Portfolio is a Delaware Limited Liability Company in the business of equipment financing. Defendant vessel, M/V SAN FRANCISCO SPIRIT (the "Vessel") is a 1991 137.5 foot steel-hulled, U.S. Coast Guard Inspected passenger vessel, Official No.

1    971235, that operates on a private charter basis here in San Francisco Bay.

2. *In personam* Defendants are Signature Hospitality, LLC, ("Signature") the owner of the Vessel, Garrett and Danielle O'Doherty, respectively the President and Vice-President of Signature (collectively "the O'Dohertys"), and Pacific Maritime Yacht Charters, LLC, ("Pacific") the charterer of the Vessel and commercial guarantor of Signature's obligations under First and Second Preferred Ship Mortgages (collectively, the "Mortgages"). The O'Dohertys also own defendant Pacific.

3. A series of transactions more fully set forth in the Verified Complaint[1] culminated in an assignment of the interests in the Mortgages to Portfolio on or about December 28, 2007, and a restructuring and consolidation of the amount due under the Mortgages on or about April 1, 2008 ("Restructure and Consolidation Agreement").

4. Signature failed to make its monthly payment for December, 2008 as required under the Restructure and Consolidation Agreement. After making the next two monthly payments for January and February, 2009, no further payments have been made by Signature and it is in default under the Restructure and Consolidation Agreement and associated loan documents.

5. On June 29, 2009, pursuant to the terms of the Restructure and Consolidation Agreement, Portfolio accelerated the amounts due under that Agreement. On June 30, 2009, Portfolio filed this action.

6. Portfolio, as holder or the Mortgages, has the right, under 46 U.S.C. section 31325, to foreclose on the Mortgages and, under Rule C(3) of the Supplemental Rules for Admiralty or Maritime Claims Portfolio also has the right and obligation to arrest the Vessel to commence the foreclosure as against the defendant Vessel *in rem*.

7. As a result of the Defendants' failure to make payments to the Plaintiff as required by the terms of the Mortgages and associated loan documents, Defendants have breached and are in default. Plaintiff is therefore entitled to assert its statutory maritime lien and

---

[1] A true and correct copy Plaintiff's Verified Complaint and attached exhibits is attached as Exhibit A to the Declaration of Counsel in support of Plaintiff's Ex Parte Application for Issuance of Order and Warrant for Arrest of Vessel concurrently filed herewith.

-3-      Case No. CV 09-2950 JL
PLAINTIFF'S REQUEST FOR REVIEW OF ARREST OF VESSEL

foreclose its interests in the Mortgages on the Vessel in the current amount of $1,311,258.28, plus continuing interest, and any attorneys fees, costs of enforcement, and *custodia legis*, according to proof and as provided for in the Mortgages, pursuant to 46 U.S.C. § 31325, Supplemental Rules for Admiralty and Maritime Claims, Rules C and E, and Local Admiralty Rules 3-1, 4-2, 4-3 and 4-4.

8. ***On August 10, 2009, all of the in personam defendants executed a Stipulation authorizing this Court to issue a Warrant for the Arrest of the Vessel.***

9. Plaintiff has concurrently submitted to the Clerk the following pleadings in support of its request for an arrest of the Vessel:

1) Stipulation of Defendants for the Issuance of Arrest Warrant;

2) Summons on Verified Complaint *in rem* and *in personam*;

3) Ex Parte Application for an Order to Issue Warrant of Arrest and supporting Declaration of Counsel attaching Verified Complaint *in rem* and *in personam*;

4) Ex Parte Application for Appointment of Substitute Custodian;

5) Affidavit of Substitute Custodian, William O'Dell;

6) (Proposed) Order Appointing Substitute Custodian;

7) (Proposed) Order Issuing Warrant for Arrest; and

8) Warrant for Arrest.

Plaintiff respectfully requests that this Court review the aforementioned pleadings and forthwith grant the (Proposed) Orders Issuing a Warrant for Arrest, and Appointing the Substitute Custodian.

Respectfully submitted,

Dated: September 3, 2009

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Plaintiff
PORTFOLIO ADVISORS V, LLC

By: _____
Rupert P. Hansen
Max L. Kelley