COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Rupert P. Hansen (SBN 082302)
Max L. Kelley (SBN 205943)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Plaintiff
PORTFOLIO ADVISORS V, LLC,
a Delaware Limited Liability Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PORTFOLIO ADVISORS V, LLC, a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> M/V SAN FRANCISCO SPIRIT, Official No. 971235, its Engines, Machinery, Appurtenances, etc., *In Rem*, SIGNATURE HOSPITALITY, LLC, a California Limited Liability Company, GARRETT O'DOHERTY, DANIELLE O'DOHERTY, PACIFIC MARINE YACHT CHARTERS, LLC, a California Limited Liability Company, *In Personam*, and DOES 1-10. <br><br> Defendants. | Case No.: CV 09-2950 JL <br><br> [PROPOSED] ORDER DIRECTING MARSHAL TO CONDUCT INTERLOCUTORY SALE OF VESSEL AND GRANTING PLAINTIFF AND CLAIMANT/INTERVENOR RIGHT TO CREDIT BID |

WHEREAS Plaintiff PORTFOLIO ADVISORS V, LLC ("Portfolio") commenced this action on June 30, 2009 to foreclose on its First and Second Preferred Ship Mortgages covering the defendant vessel, *M/V SAN FRANCISCO SPIRIT*, Official No. 971235, her engines, tackle, appurtenances, etc. ("Vessel").

WHEREAS, pursuant to process duly issued by the Court, the Vessel was arrested by the U.S. Marshall on September 4, 2009 in San Francisco, California.

1  **WHEREAS** neither the *in personam* Defendants nor the *in rem* Defendant Vessel
2  have appeared in this action and only a single Claimant/Intervenor, Yacht Connections,
3  International, Inc., ("YCI") has made an appearance in this action.
4  **WHEREAS** it has been stipulated by the parties, and it appears that, the Vessel is
5  liable to deterioration and diminishing value while it remains under arrest pending a final
6  determination of this action.
7  **WHEREAS** it has been stipulated by the parties, and it appears that, as long as the
8  Vessel remains under arrest it will continue to incur mounting expenses for its safekeeping
9  which are excessive and disproportionate.
10 **WHEREAS** no security for the release of the Vessel will be posted.
11 **WHEREAS** all of the defendants and the Claimant/Intervenor have stipulated to an
12 interlocutory sale of the Vessel.
13 **WHEREAS** Plaintiff Portfolio has applied for an Order Directing the United States
14 Marshal Service to conduct an Interlocutory Sale of the defendant vessel, *M/V SAN*
15 *FRANCISCO SPIRIT*, Official No. 971235, her engines, tackle, appurtenances, etc.
16 ("Vessel"), pursuant to Rule E(9)(a)(1) of the Supplemental Rules for Admiralty or
17 Maritime Claims of the Federal Rules of Civil Procedure, and for the right to credit bid at
18 said sale pursuant to Admir. L. R. 9-2(b).
19 **WHEREAS** it further appears that it is in the best interest of the all parties that the
20 sale of the Vessel take place promptly in order to avoid the mounting expenses due to the
21 arrest from prejudicing the parties' security interests in the Vessel.
22 **GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED AS**
23 **FOLLOWS:**
24 1. The Defendant Vessel shall be sold free of all mortgages, liens, and other
25 encumbrances to the highest bidder by the U.S. Marshal at an interlocutory sale pursuant to
26 Rule E(9)(a)(i).
27 2. The sale shall take place in the lobby of the Federal Building at 450 Golden Gate
28 Avenue, San Francisco, California on *Wednesday, November 4, 2009 at 1:00 p.m.* local

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit

1  time, or as soon thereafter as is allowed by the Marshal.

2  3.  Plaintiff Portfolio shall, pursuant to Admir. L.R. 9-2(a), cause to be published for at least six days before the date of the sale a notice of the sale of Defendant Vessel in *The Recorder* in San Francisco, California, which has been designated a newspaper of general circulation in San Francisco by Local Rule 77-4(a). The notice of sale shall conform substantially to the Proposed Notice of Sale concurrently filed with Plaintiff's Application for Order for Interlocutory Sale of Vessel.

4.  The U.S. Marshal shall conduct the sale and shall abide by the following terms of sale: Except as stated in Paragraph 6 below, immediately upon the conclusion of the auction, the successful bidder for the Defendant Vessel shall deposit with the Marshal. in cash, certified check, or cashier's check, the full purchase price or a minimum deposit of 10% of the successful bid. The balance, if any, of the purchase price shall be paid to the Marshal in cash, certified check, or cashier's check before the expiration of the time allowed for confirmation of the sale by Admir. L.R. 9-2, or within three court days of the dismissal of any opposition which may have been filed.

5.  Contingent on the service of filing of the appropriate affidavits as set forth in Admir. L.R. 9-2(b), Plaintiff Portfolio and Claimant/Intervenor YCI may place credit bids for the Defendant Vessel for any and all amounts up to the total amounts of their secured interests in the Vessel, as evidenced by said affidavits. If the credit bid of either Plaintiff Portfolio or Claimant/Intervenor YCI is the highest bid, whichever party has made such bid shall not be required to make a cash deposit or a subsequent cash payment into the Registry of the Court as is required for other bidders. The U.S. Marshal is authorized and directed to accept such credit bids from Plaintiff Portfolio and Claimant/Intervenor YCI at the sale of the Defendant Vessel.

6.  At the conclusion of the sale, the Marshal shall forthwith file a written report to the Court pursuant to Local Admiralty Rule 9-2(c).

7.  The proceeds of the sale, if any, are to be deposited into the Court until further order of the Court.

8. Should no successful bid be received on the Defendant Vessel, or if for any other reason the sale of the Defendant Vessel is not completed, then the parties shall report that to the Court and the Defendant Vessel shall remain under arrest pending further order of the Court.

9. The Marshal's fees, Substitute Custodian's fees and charges, costs of insurance, costs of publication, and all other reasonable fees incurred by the Vessel while under arrest shall be deemed administrative *custodia legis* expenses, and upon confirmation of such fees the Marshal shall be authorized to deduct said administrative fees from the proceeds of the sale of the Vessel and refund to Plaintiff, who has incurred these fees and expenses. The Marshal shall deposit the remainder of the sale proceeds with the Clerk of the Court, pending final disposition.

Dated: _____10-21_____, 2009

/s/ James Larson
~~U.S. DISTRICT COURT JUDGE~~
MAGISRTATE JUDGE

**APPROVED AS TO FORM:**

Dated: October _19_, 2009

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
Attorneys for Plaintiff
PORTFOLIO ADVISORS V, LLC

By: _____
Max L. Kelley

Dated: October _17_, 2009

By: _____
Garrett O'Doherty, Defendant

Dated: October _17_, 2009

By: _____
Danielle O'Doherty, Defendant

-4-

Case No. CV 09-2950 JL

DEFENDANT SIGNATURE HOSPITALITY, LLC

Dated: October /7, 2009   By: _____
                          Garrett O'Doherty
                          Its: Managing Member

DEFENDANT PACIFIC MARINE YACHT CHARTERS, LLC

Dated: October /7, 2009   By: _____
                          Garrett O'Doherty
                          Its: Managing Member

DEFENDANT M/V SAN FRANCISCO SPIRIT, *in rem*

Dated: October /7, 2009   By: SIGNATURE HOSPITALITY, LLC,
                          the Vessel's Owner

                          By: _____
                          Garrett O'Doherty,
                          Its Managing Member

Dated: October /7, 2009   By: PACIFIC YACHT CHARTERS,
                          LLC, the Vessel's Bareboat Charterer

                          By: _____
                          Garrett O'Doherty,
                          Its: Managing Member

CLAIMANT/INTERVENOR YACHT CONNECTIONS INTERNATIONAL, INC.

Dated: October ____, 2009   WRIGHT & L'ESTRANGE
                            Attorneys for Claimant/Intervenor YACHT
                            CONNECTIONS INTERNATIONAL, INC.

                            By: _____
                            William E. Dysart
                            Alexander T Gruft

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit

DEFENDANT SIGNATURE HOSPITALITY, LLC

Dated: October ____, 2009          By: _____
                                         Garrett O'Doherty
                                   Its:  Managing Member

DEFENDANT PACIFIC MARINE YACHT CHARTERS, LLC

Dated: October ____, 2009          By: _____
                                         Garrett O'Doherty
                                   Its:  Managing Member

DEFENDANT M/V SAN FRANCISCO SPIRIT, *in rem*

Dated: October ____, 2009          By: SIGNATURE HOSPITALITY, LLC,
                                       the Vessel's Owner


                                   By: _____
                                         Garrett O'Doherty,
                                   Its   Managing Member


Dated: October ____, 2009          By: PACIFIC YACHT CHARTERS,
                                       LLC, the Vessel's Bareboat Charterer


                                   By: _____
                                         Garrett O'Doherty,
                                   Its:  Managing Member


CLAIMANT/INTERVENOR YACHT CONNECTIONS INTERNATIONAL, INC.

Dated: October 16, 2009            WRIGHT & L'ESTRANGE
                                   Attorneys for Claimant/Intervenor YACHT
                                   CONNECTIONS INTERNATIONAL, INC.

                                   By: /s/ William E. Dysart
                                         William E. Dysart
                                         Alexander T Gruft

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit