1 **COX, WOOTTON, GRIFFIN,**
**HANSEN & POULOS, LLP**
2 Rupert P. Hansen  (SBN 082302)
Max L. Kelley (SBN 205943)
3 190 The Embarcadero
San Francisco, CA  94105
4 Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601
5
6 Attorneys for  Plaintiff
PORTFOLIO ADVISORS V, LLC,
a Delaware Limited Liability Company
7
8 **UNITED STATES DISTRICT COURT**
9 **NORTHERN DISTRICT OF CALIFORNIA**
10
11 PORTFOLIO ADVISORS V, LLC,                )   Case No.:  CV 09-2950 SC
a Delaware Limited Liability Company,       )
12                                                                    )   **[PROPOSED] ORDER**
Plaintiff,          )   **DIRECTING MARSHAL TO**
13                                                                    )   **CONDUCT INTERLOCUTORY**
)   **SALE OF VESSEL AND**
14     v.                                                          )   **GRANTING PLAINTIFF AND**
)   **CLAIMANT/INTERVENOR**
15 M/V SAN FRANCISCO SPIRIT, Official )   **RIGHT TO CREDIT BID**
971235, its Engines, Machinery,              )
16 Appurtenances, etc., *In Rem*, SIGNATURE )
HOSPITALITY, LLC, a California Limited )
17 Liability Company, GARRETT O'DOHERTY, )
DANIELLE O'DOHERTY, PACIFIC        )
18 MARINE YACHT CHARTERS, LLC, a      )
California Limited Liability Company, *In*    )
19 *Personam*, and DOES 1-10.                     )
)
20                      Defendants.                   )
_____)
21 YACHT CONNECTIONS                           )
INTERNATIONAL, INC., a Nevada corp.,  )
22                                                                    )
Plaintiff/Intervenor,   )
23                                                                    )
)
24     v.                                                          )
)
25 M/V SAN FRANCISCO SPIRIT, Official  )
Number 971235, Its Engines, Machinery,    )
26 Appurtenances, etc., In Rem; SIGNATURE )
HOSPITALITY, LLC, a California Limited )
27 Liability Company; GARRETT O'DOHERTY, )
In Personam, and DOES 1 through 10,          )
28                                                                    )
Defendants.                   )
_____)

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit

1    **WHEREAS** Plaintiff PORTFOLIO ADVISORS V, LLC ("Portfolio") commenced

2    this action on June 30, 2009 to foreclose on its First and Second Preferred Ship Mortgages

3    covering the defendant vessel, *M/V SAN FRANCISCO SPIRIT*, Official No. 971235, her

4    engines, tackle, appurtenances, etc. ("Vessel");

5    **WHEREAS**, pursuant to process duly issued by the Court, the Vessel was arrested

6    by the U.S. Marshall on September 4, 2009 in San Francisco, California;

7    **WHEREAS** neither the *in personam* Defendants nor the *in rem* Defendant Vessel

8    have appeared in this action and only a single Claimant/Intervenor, Yacht Connections,

9    International, Inc., ("YCI") has made an appearance in this action;

10   **WHEREAS** it has been stipulated by the Parties, and it appears that, the Vessel is

11   liable to deterioration and diminishing value while it remains under arrest pending a final

12   determination of this action;

13   **WHEREAS** it has been stipulated by all the Parties to the within action, and it

14   appears that, as long as the Vessel remains under arrest it will continue to incur mounting

15   expenses for its safekeeping which are excessive and disproportionate;

16   **WHEREAS** no security for the release of the Vessel has been posted, and the

17   Defendants stipulate that none will be posted;

18   **WHEREAS** all of the Defendants and the Claimant/Intervenor have stipulated to an

19   interlocutory sale of the Vessel;

20   **WHEREAS** the Parties have applied for an Order Directing the United States

21   Marshal Service to conduct an Interlocutory Sale of the defendant vessel, *M/V SAN*

22   *FRANCISCO SPIRIT*, Official No. 971235, her engines, tackle, appurtenances, etc.

23   ("Vessel"), pursuant to Rule E(9)(a)(1) of the Supplemental Rules for Admiralty or

24   Maritime Claims of the Federal Rules of Civil Procedure, and for the right of Plaintiff

25   Portfolio and Claimant/Intervenor YCI to credit bid at said sale pursuant to Admir. L. R. 9-

26   2(b); and

27   **WHEREAS** it further appears that it is in the best interest of the all Parties that the

28   sale of the Vessel take place promptly in order to avoid the mounting expenses due to the

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit

-2-                          Case No. CV 09-2950 SC

ORDER FOR INTERLOCUTORY SALE OF VESSEL AND GRANTING RIGHT TO CREDIT BID

1    arrest from prejudicing Plaintiff Portfolio and Claimant/Intervenor YCI's security interests

2    respectively claimed in the Vessel.

3         **WHEREFOR GOOD CAUSE HAVING BEEN SHOWN, AND PURSUANT**

4    **TO STIPULATION, IT IS HEREBY ORDERED AS FOLLOWS**:

5    1.     The Defendant Vessel shall be sold free of all mortgages, liens, and other

6    encumbrances to the highest bidder by the U.S. Marshal at an interlocutory *in* rem admiralty

7    sale pursuant to Rule E(9)(a)(i).

8    2.     The sale shall take place in the lobby of the Federal Building at 450 Golden Gate

9    Avenue, San Francisco, California on ***Tuesday, November 24, 2009 at 2:00 p.m.*** local time,

10   or as soon thereafter as is allowed by the Marshal.

11   3.     Plaintiff Portfolio shall, pursuant to Admir. L.R. 9-2(a), cause to be published for at

12   least six consecutive publication days before the date of the sale a notice of the sale of

13   Defendant Vessel in *The Recorder* in San Francisco, California, which has been designated

14   a newspaper of general circulation in San Francisco by Local Rule 77-4(a).  The notice of

15   sale shall conform substantially to the Proposed Notice of Sale concurrently filed with the

16   parties' Joint Application for Order for Stipulated Interlocutory Sale of Vessel.

17   4.     The U.S. Marshal shall conduct the sale and shall abide by the following terms of

18   sale:  Except as stated in Paragraph 6 below, immediately upon the conclusion of the

19   auction, the successful bidder for the Defendant Vessel shall deposit with the Marshal in

20   cash, certified check, or cashier's check, the full purchase price or a minimum deposit of

21   10% of the successful bid.  The balance, if any, of the purchase price shall be paid to the

22   Marshal in cash, or certified check, or cashier's check before the expiration of the time

23   allowed for confirmation of the sale by Admir. L.R. 9-2, or within three court days of the

24   dismissal of any opposition to the sale which may have been filed.

25   5.     Contingent upon the service and filing of the appropriate affidavits as set forth in

26   Admir. L.R. 9-2(b), Plaintiff Portfolio and Claimant/Intervenor YCI may place credit bids

27   for the Defendant Vessel for any and all amounts up to the total amounts of their secured

28   interests in the Vessel, as evidenced by said affidavits.  If the credit bid of either Plaintiff

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit

Case No. CV 09-2950 SC

ORDER FOR INTERLOCUTORY SALE OF VESSEL AND GRANTING RIGHT TO CREDIT BID

1   Portfolio or Claimant/Intervenor YCI is the highest bid, whichever party has made such bid

2   shall not be required to make a cash deposit or a subsequent cash payment into the Registry

3   of the Court as is required for other bidders.  The U.S. Marshal is authorized and directed to

4   accept such credit bids from Plaintiff Portfolio and Claimant/Intervenor YCI at the sale of

5   the Defendant Vessel.

6   6.      At the conclusion of the sale, the Marshal shall forthwith file a written report to the

7   Court pursuant to Local Admiralty Rule 9-2(c).

8   7.      The proceeds of the sale, if any, are to be deposited into the Court until further order

9   of the Court.

10  8.      Should no successful bid be received on the Defendant Vessel, or if for any other

11  reason the sale of the Defendant Vessel is not completed, then the parties shall report that to

12  the Court and the Defendant Vessel shall remain under arrest pending further order of the

13  Court.

14  9.      The Marshal's fees, Substitute Custodian's fees and charges, costs of insurance,

15  costs of publication, and all other reasonable fees incurred by the Vessel while under arrest

16  shall be deemed administrative *custodia legis* expenses, and upon confirmation of such fees

17  the Marshal shall be authorized to deduct said administrative fees from the proceeds of the

18  sale of the Vessel and refund them to Plaintiff Portfolio, who has incurred these fees and

19  expenses.  The Marshal shall deposit the remainder of the sale proceeds with the Clerk of

20  the Court, pending final disposition.

21  Dated: _____ November 9 _____, 2009

22                                                              U.S. _____ JUDGE

23                                                              IT IS SO ORDERED

24  **APPROVED AS TO FORM:**                                    Judge Samuel Conti

25  Dated: November __6__, 2009                     COX, WOOTTON, GRIFFIN,
                                                    HANSEN & POULOS, LLP
26                                                  Attorneys for Plaintiff
                                                    PORTFOLIO ADVISORS V, LLC
27
                                          By: _____
28                                                  Max L. Kelley

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

390 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

PAV.SF Spirit

1   Dated: November _6_, 2009                    By: _____
2                                                    Garrett O'Doherty, Defendant

3

4

5   Dated: November _6_, 2009                    By: _____
6                                                    Danielle O'Doherty, Defendant

7

8   **DEFENDANT SIGNATURE HOSPITALITY, LLC**

9   Dated: November _6_, 2009                    By: _____
10                                                   Garrett O'Doherty
    Its: Managing Member
11

12

13  **DEFENDANT PACIFIC MARINE YACHT CHARTERS, LLC**

14  Dated: November _6_, 2009                    By: _____
15                                                   Garrett O'Doherty
    Its: Managing Member
16

17  **DEFENDANT M/V SAN FRANCISCO SPIRIT,** *in rem*

18

19  Dated: November _6_, 2009                    By: SIGNATURE HOSPITALITY, LLC,
20                                                   the Vessel's Owner

21                                               By: _____
22                                                   Garrett O'Doherty,
    Its  Managing Member
23

24  Dated: November _6_, 2009                    By: PACIFIC YACHT CHARTERS,
25                                                   LLC, the Vessel's Bareboat Charterer

26

27                                               By: _____
                                                     Garrett O'Doherty,
28                                              Its: Managing Member

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

P:AV.SF Spirit

Case No. CV 09-2950 SC

ORDER FOR INTERLOCUTORY SALE OF VESSEL AND GRANTING RIGHT TO CREDIT BID

**CLAIMANT/INTERVENOR YACHT CONNECTIONS INTERNATIONAL, INC.**

Dated: November 6, 2009

WRIGHT & L'ESTRANGE
Attorneys for Claimant/Intervenor
YACHT CONNECTIONS
INTERNATIONAL, INC.

By: _____
William E. Dysart
Alexander T Gruft

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

199 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

P.A\V. SF Sprint

Case No. CV 09-2950 SC
ORDER FOR INTERLOCUTORY SALE OF VESSEL AND GRANTING RIGHT TO CREDIT BID